UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANGEL JOHN RANGEL,<br><br>　　　　Defendant. | Case No. 8:20-cr-00162-SB-1<br><br>ORDER DENYING MOTION FOR REDUCTION OF SENTENCE [DKT. NO. 41] |

　　　　Defendant Angel John Rangel pleaded guilty to possession of methamphetamine with intent to distribute. Dkt. No. 25. In October 2021, he was sentenced to 92 months in prison, followed by four years of supervised release. Dkt. No. 37. Rangel now moves to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on the application of Amendment 821 to the U.S. Sentencing Guidelines. Dkt. No. 41. Because the Amendment does not reduce Rangel's sentencing guideline range, the Court DENIES the motion.

I.

　　　　In November 2023, the U.S. Sentencing Commission amended the sentencing guidelines to eliminate or reduce the additional criminal history points for offenses committed while under a criminal justice sentence, depending on the defendant's criminal history. U.S.S.G. Supp. App. C., amend. 821 (modifying U.S.S.G. § 4A1.1). The amendment applies retroactively. U.S.S.G. § 1B1.10(d)–(e).

　　　　Section 3582 sets forth the process for reducing a sentence pursuant to a retroactive amendment to the sentencing guidelines:

　　　　[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  Amendment 821 is "consistent with applicable policy statements issued by the Sentencing Commission." *See* U.S.S.G. § 1B1.10(d)–(e) (listing Amendment 821 as applying retroactively).  Courts analyze 3582(c)(2) motions in two steps: first determining whether the application of the amendment would result in a reduced guideline range, and, if it does, then determining whether to reduce the sentence after considering the § 3553(a) factors.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Part A of Amendment 821 changes the calculation of a defendant's criminal history category for offenses committed while under a criminal justice sentence. Prior to the amendment, defendants who committed the charged offense while under a criminal justice sentence received two additional criminal history points. After the amendment, no additional criminal history points are added for committing the charged offense while under a criminal justice sentence if the defendant has six criminal history points or less, and only one additional criminal history point is added if the defendant has seven or more points.  U.S.S.G. § 4A1.1(e).  The total points determine a defendant's criminal history category, which is then applied to the offense level to determine the guideline range. U.S.S.G. § 5A.  Part B of the Amendment reduces the offense level by two points for defendants who have no criminal history points and meet certain criteria.[1]

II.

The Court first analyzes whether application of the amendment would reduce Rangel's guideline range.  The guidelines instruct the court to determine the amended guideline range "that would have been applicable to the defendant if the amendment . . . had been in effect at the time the defendant was sentenced."

---

[1] Because Rangel's motion left a blank where he could have specified which part of the amendment he contends is applicable, the Court analyzes eligibility under both.  *See* Dkt. No. 41 at 4 ("Petitioner is seeking relief in light of Amendment 821, Part [blank][.]").

U.S.S.G. § 1B1.10(b)(1). The court "shall substitute only the [applicable amendment] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* The court may not reduce a term of imprisonment if the amendment is not applicable or if the amendment does not have the effect of lowering a defendant's guideline range. *Id.* § 1B1.10(a)(2).

Rangel's guideline range is unaffected by the amendment. At sentencing, Rangel had 18 criminal history points. Dkt. No. 34 ¶ 48. The PSR reflects that he received no additional criminal history points for committing the charged offense while under a criminal justice sentence.[2] *Id.* ¶ 48. Thus, Part A of the amendment does not apply. But even if it did, a one-point reduction would only reduce his criminal history points to 17, which is still in Category VI, leaving his sentencing guideline range unchanged. *See* U.S.S.G. § 5A (placing all defendants with 13 or more criminal history points in Category VI). Because his guideline range would not be lowered, Part A would not allow the Court to reduce Rangel's sentence even if it applied. And because Rangel had 18 criminal history points at sentencing (i.e., not zero), Part B is likewise inapplicable. Accordingly, the Court DENIES Rangel's motion to reduce his sentence based on retroactive application of Amendment 821.

Date: April 11, 2024

                                                  Stanley Blumenfeld, Jr.
                                                  United States District Judge

---

[2] Rangel states that he was under a criminal justice sentence at the time of the charged offense in this case because he was on post-release community supervision (PRCS) after he was released "from state prison in 2021." Dkt. No. 41 at 2. He is mistaken. The charged offense in this case occurred on July 13, 2019—before (not after) the commencement of PRCS. Dkt. No. 34 ¶¶ 2, 47.